STATE ex rel. Julie L. PREWITT,
Relator,

v.

Hon. Thomas C. CLARK,
Judge, Respondent.

No. 75349.

Supreme Court of Missouri,
En Banc.

March 23, 1993.

28 ■

Julie Lee Prewitt, pro se.

Allen S. Russell, Daniel H. Bowers, John C. Craft, Charles H. Stitt, Kansas City, for respondent.

PER CURIAM.

Relator Julie L. Prewitt seeks mandamus ordering the Circuit Court of Jackson County to proceed with a motion to modify a child custody decree originally entered in Kansas. The circuit court informally declined jurisdiction in favor of the Kansas court that issued the original custody decree. Relator's petition for prohibition against the Kansas trial court was denied by that state's supreme court. Her appeal in that cause is now pending in Kansas.

The parties agreed during oral argument that the circuit court's action was taken pursuant to § 452.470, RSMo 1986, and that jurisdiction was declined based upon the following provision of the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A:

*(c)* A child custody determination made by a court of a State is consistent with the provisions of this section only if—
 (1) such court has jurisdiction under the law of such State; and
 (2) one of the following conditions is met:

 \*  \*  \*  \*  \*  \*

 (D)(i) ... another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction[.]

Relator contends that Kansas has no jurisdiction over the custody modification because the child and both parents now reside in Missouri. See 17 U.S.C. *§ 1738A(d)*. She also asserts that the circuit court abused its discretion in declining jurisdiction in favor of the Kansas court. However, we are hampered by the absolute lack of a record upon which to base a decision. The parties present this Court with voluminous copies of the proceedings in Kansas, but it appears that the only papers filed in Missouri are relator's motion to modify and a letter from respondent addressed to the Kansas trial court. Relator did not ask respondent to make findings of fact or to issue an order in this matter. *See § 452.470.4.*

■ Mandamus will issue only where there is an unequivocal showing that the respondent has failed to perform a ministerial duty imposed by law. *State ex rel. Sikeston R–VI School Dist. v. Ashcroft*, 828 S.W.2d 372, 377 (Mo. banc 1992). In the absence of an order detailing the findings and reasoning of the court below, we will not presume an abuse of discretion or a failure to perform a ministerial duty by that court.

Relator has not established that she is entitled to a writ of mandamus at this time. The alternative writ is quashed.

All concur.